162     525
23. SC  ¹380

## Margaret Herbert v. Wm. J. Rainey, Appellant.

[Marked to be reported.]

*Life estate—Damages—Discomfort caused by coke ovens:*

A life tenant who suffers inconvenience and discomfort in the occupancy of his house by reason of coke ovens wrongfully built on a street in front of his premises is entitled to recover the entire rental value of the property during the time ovens are maintained, if the premises during such time have been untenantable.

If the smoke and dust are so offensive as to justify his removal and render his home of no value to him during the time, the fact that he remained rather than incur the trouble of the removal would not prevent his recovering the entire rental value of the premises. In addition to this he would be entitled to add any specific items of injury done by the smoke to his furniture or to the house itself.

*Evidence—Competency of witnesses—Duty of court—Practice.*

In such a case a witness who has seen the premises but once while the ovens were in operation and then only as a traveler along the highway, is not qualified to speak of the effect of the smoke and dust upon the inmates of the house or of the extent to which the house was made untenantable thereby.

Where in such a case a witness estimates the loss to the holder of the life estate during less than one year at a sum fifteen times greater than the entire value of the property, it is error for the court not to caution the jury as to the worthlessness of the testimony.

Argued May 9, 1894. Appeal, No. 483, Jan. T., 1894, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1892, No. 293, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Trespass for injuries caused by operation of coke ovens.

At the trial before MESTREZAT, J., it appeared that plaintiff had a life estate in the house in which she lived, and that the

value of the unincumbered fee was about one thousand dollars. Defendant built coke ovens on the street fronting her premises and caused her discomfort and inconvenience. There was no claim for physical injury or suffering.

When Lyman S. Strickler, a witness for plaintiff, was on the stand, he was asked:

" Q. State to the court and jury what in your judgment would be the damages to Margaret Herbert. Mr. Lindsey : I object that the witness has not given sufficient data to form an opinion, and consequently that the witness has not shown any such knowledge of the site there as would entitle him to give an opinion. Mr. Campbell : He says that he is familiar with the place and.had a knowledge of it while the ovens were fired and while they lived there. Mr. Ewing : Saw it once when passing along there ? Mr. Campbell : Did you pass there during the year and a half from August, 1891, to November, 1892 ? A. Frequently. Q. Frequently ? A. Yes, sir. Q. Did you see these ovens in operation ? A. I remember of seeing them once in operation, but I passed the property several times. Q. During that time ? A. Yes, sir. The Court : As to the dates, Mr. Campbell. Mr. Campbell : From August, 1891, to November, 1892. Mr. Lindsey : The question then clearly, your Honor, ought to be confined from the period of January, 1892, to November, 1892. We object to that ; the witness has not shown sufficient knowledge. Mr. Campbell : Q. Mr. Strickler, what, in your opinion, was the damage to Margaret Herbert and this property ? Mr. Lindsey : I will ask you if you saw them in operation from January, 1892, to November, 1892. If you can fix the dates as between these two months ; do you say that during that time you saw them in operation only the once ? A. Only the once, yes, sir. Q. Did you see them from the public road or train, in passing ? A. I have walked along the railroad and also along the public road. I was assessor in that township. Q. You had only seen them once in operation ? A. Yes, sir. Q. Well, where were you when you saw them in operation ? On the old public road back of the house ? A. Yes, sir. Q. Just in passing ? A. Yes, sir. Mr. Lindsey : I object. The Court : Objection overruled and exception sealed. Mr. Campbell : Go on and state to the court and jury what, in your judgment, what the amount of

damage would be ?    A. Well, for the nine months I can't say that I would give $5.00 for the property and live there. Q. Answer the question and give the amount?   A. Twenty-five hundred dollars." [1]

Daniel D. Sproat testified that the damages would be from $10,000 to $15,000.

Defendant's second point was as follows :

" 2. That the measure of damages, if any, would be the difference in the rental value of the property during the period of the continuance of the trespass."   Refused. [7]

The court charged in part as follows :

" Now, gentlemen of the jury, you may go a step further, and you may, instead of following the usual and ordinary rule in measuring these damages, give what is known as punitive exemplary damages as spoken of by the counsel in their arguments.   If you find that the conduct of the defendant in doing these alleged wrongs was reckless, was willful and with a disregard of the plaintiff's rights in these premises, you may go a step further and give such damages as will be punitive, in other words, will punish the defendant for his conduct." [8]

Verdict and judgment for plaintiff for $850.

*Errors assigned* were, among others, (1) ruling, quoting bill of exceptions ; (7, 8) instructions, quoting them ; (9) that the. charge of the court was inadequate in not commenting upon the extraordinary estimates of damages.

*R. H. Lindsey, S. E. Ewing* with him, for appellant, cited, on the admission of testimony : Ry. v. Vance, 115 Pa. 325 ; Watson v. R. R., 37 Pa. 481 ; R. R. v. Stocker, 128 Pa. 235. On the measure of damages : Traction Co. v. Orbann, 119 Pa. 45.

*Edward Campbell*, for appellee, filed no paper-book.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894 :

The plaintiff has a life estate in a house and lot in Tyrone township, Fayette county, which she occupied in 1891 as a residence.   The unincumbered fee cost and is said now to be worth about one thousand dollars.   The defendant is the owner

of the farm out of which a former owner sold this lot. The land, or some of it, is underlaid with what is known as the Connellsville coal, and the defendant manufactures this coal into coke upon his own premises. In 1891 in extending his plant he built several ovens in front of plaintiff's premises along the line of the railroad covering some part of an alleged street on which the plaintiff's property fronts. This street, as we understand the evidence, is not in use as a public highway; but it is claimed that the occupants of this lot have a right of way over it by virtue of a clause in a deed which does not appear in the paper-books. The circuit court of the United States, as the record shows, enjoined the defendant against the further use of the street in front of plaintiff's premises and required him to remove therefrom the ovens built within its boundaries. The question of plaintiff's right in the street is not therefore now before us, but this action, resting on the adjudication of that right by the United States courts, is brought to recover damages sustained during the nine months the ovens complained of were in actual use. The statement of the plaintiff's cause of action contains two items of claim. One of these is for obstructing the street with the ovens, but as it appeared that there was at no time any difficulty in the use of the street so far as safe passage over it was concerned this item does not seem to have been insisted on at the trial, or to have been considered by the witnesses. The other was for damages suffered by the plaintiff in the use of her house, described in the statement in these words: "That the said heat, dust, smoke and filth from the ovens enters and defiles the said residence of the plaintiff and has rendered it well nigh impossible to continue to reside there, to the great damage, discomfort and injury of the plaintiff, viz: to the amount of twenty thousand dollars." It is thus seen that there is no claim for physical injury or suffering, or loss of health on the part of the plaintiff or any member of her household, but for inconvenience and discomfort in the occupancy of her house by means of which it became, in the language of the statement, "well nigh impossible to continue to reside there." Having seen, in this summary of the important facts, the extent of the plaintiff's interest or estate in the premises, the nature of the injury alleged to have been inflicted by the defendant, and the length of time during which this in-

jury continued, we are prepared to approach the real question in this case, which is over the measure of damages to which the plaintiff is entitled. Let us suppose that the plaintiff was the owner of the fee simple, and that her property had been totally destroyed so that no part of it had any value remaining, she would then have been entitled to recover its value, which it appears was one thousand dollars, and the expenses and loss incurred in finding a new home and transferring her effects to it. This would have been the full measure of her loss, and therefore, in the absence of any basis for exemplary damages, the full measure of the damages to which she would be entitled. Or if we suppose the injury to have reduced the value of the property one half, then the measure of her damages would have been a sum that would have been sufficient when added to the value of the property as depreciated, to make up to her its full value, together with such incidental expenses, if any, as she had incurred in consequence of the injury sustained. But she is not the owner of the property. Her interest in it is a right to the possession during her life. The property is not destroyed nor permanently depreciated in value. The injury complained of is inconvenience and discomfort in using it as a dwelling on account of smoke from the coke ovens during about nine months in the year 1891 or 1892. Let us suppose now that this inconvenience and discomfort had been so great as to drive the plaintiff from her home. Her injury then would have been the loss of its use and the expenses and inconvenience incurred in securing and removing to another home. Her whole loss would have fixed the amount at which her damages should have been adjusted. But the inconvenience and discomfort did not drive her from the house. She incurred no expenses in finding a new home and removing to it. Her damages cannot in such case be greater than they would have been if she had been driven out. They may however be equal to the entire rental value if the jury think the premises untenantable during the continuance of the use of the ovens whose removal has been directed by the United States courts. If the smoke and dust were so offensive as to justify her removal and render her home of no value to her during this time, the fact that she remained rather than incur the trouble of the removal would not prevent her recovering the entire rental value of the premises. To this

she would be entitled to add any specific items of injury done by the smoke to her furniture or to the house itself.    The case went to the jury upon a wrong measure of damages and for this reason the judgment must be reversed.

The first assignment of error is also sustained.    A witness who had seen the premises but once while the ovens were in operation, and then only as a traveler along the highway, was not qualified to speak of the effect of the smoke and dust upon the inmates of the house, or of the extent to which the house was made untenantable thereby.

The ninth assignment would alone require a reversal of this judgment.    To submit such testimony as that given by the witnesses Strickler and Sproat to the jury without a word of caution was grave error.    One of these witnesses estimated the loss to the holder of a life estate during less than one year at a sum some fifteen times greater than the entire value of the property.    An estimate so utterly absurd was worthless as evidence upon the subject of the plaintiff's actual loss, and the jury should have been carefully instructed upon that subject.

The judgment is reversed for the reasons now given and a venire facias de novo awarded.