## Alexander *v.* Stewart Bread Company, Appellant.

*Nuisance—Trespass—Operation of business in residential neighborhood —Bakery.*

It is reasonable and necessary that persons living in a city should subject their personal comfort to the consequences of those operations, trades and businesses that are necessarily carried on in the immediate vicinity of the locality where their product is to be consumed. When a business is of this character, there can be no recovery for a trifling noise and discomfort occasioned by it to surrounding property, but even such a business must be so carried on as not to involve unnecessary annoyance.

The operation of a bakery in a residential neighborhood will not be restrained on account of discomfort to nearby residents from odors and sounds, where it appears that the business was conducted in a reasonable and proper manner.

In an action of trespass to recover damages for injuries caused by the operation of a bakery in a residential neighborhood, the defendants may show the manner in which the machinery was constructed, and that no noise resulted from its operation, and they may also show the thickness of the wall and the manner in which it was constructed, and also further show that horses kept on the lower floor of the building were necessary to use in connection with the business.

In an action to recover damages for injuries resulting from the operation of a bakery in a residential neighborhood, the measure of damages is the injury which plaintiff suffered down to the commencement of the action, and depreciation of the market value of plaintiff's property cannot be considered.

Argued Oct. 9, 1902. Appeal, No. 17, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1899, No. 868, on verdict for plaintiff in case of Emma E. Alexander and Fannie Alexander v. Stewart Bread Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for injuries alleged to have been caused by the operation of a bakery in a residential neighborhood. Before FINLETTER, P. J.

At the trial Peter F. Kernan, a witness for plaintiff, was asked this question:

" Q. Would this noise and smell that you have testified to, affect the value of the property, and if so, how much? "

Objected to. Objection overruled. Exception to defendant. [2]

" A. It has affected the value of the property. Before that I valued the property at $2,700. To-day I question very much if it would bring $2,000. That is an extreme figure—$2,000."

The following offers were made.

We offer to show that the machinery and its parts have been improved by the most modern appliances for the deadening of noises of all kinds, and that there is no noise resulting therefrom, other than is maintained in the ordinary use of machinery.

Objected to. Objection sustained. Exception to defendant. [3]

I offer to prove by the witness that it is essential to the carrying on and conducting of a bakery such as this, that the stable, horses and wagons are necessary to the business on the premises in order to compete in the market, and that it is customary to erect and construct stables in connection with bakeries, and that all modern bakeries are so constructed.

Objected to. Objection sustained. Exception to defendant. [4]

I want to show how the wall adjoining this particular building is erected, and what care was used in the erection of that wall and its width. I want to show that instead of taking our wall down, a separate wall was built, of an immense thickness, running all the way up, so as to deaden all the sound.

Objected to. Objection sustained. Exception to defendant. [5]

A. Raymond Raff, a witness produced on behalf of the defendant, was asked this question:

" Q. Will you state how it is erected and constructed with reference to the stable ? "

Objected to. Objection sustained. Exception to defendant. [6]

The court charged in part as follows:

[If you are satisfied from the evidence that the property has been injured in that way, then the question of depreciation comes up. It is for you to say, from the evidence, how far the property has been depreciated in value by reason of the odors and by reason of the noises. You are not to take into consideration whether this is a bakery, or what it is.] [7]

[I think but one witness has testified to the depreciation,

and that was the gentleman who seemed to have experience and knowledge of not only this particular building, but real estate in that particular neighborhood. If you are satisfied that he gave sufficient reasons in his evidence for the amount of depreciation which he spoke of, then, I say to you, it is evidence that cannot be rejected.] [8]

Verdict and judgment for plaintiffs for $700. Defendant appealed.

*Errors assigned* among others were (2–6) rulings on evidence, quoting the bill of exceptions ; (7, 8) above instructions, quoting them.

*W. Horace Hepburn,* with him *William A. Carr* and *Sidney L. Krauss,* for appellant.—It is respectfully submitted that there being no negligence on the part of the appellant in the construction of its stable and bakery, or in the manner of conducting its business, the learned trial judge should have directed a verdict for the appellant, as requested : Fischer v. Sanford, 12 Pa. Superior Ct. 435 ; Keiser v. Gas Co., 143 Pa. 276 ; Robb v. Carnegie, 145 Pa. 324; Carson v. Bromley, 184 Pa. 549.

No permanent depreciation of real estate can be recovered : Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631 ; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438 ; Bare v. Hoffman, 79 Pa. 71 ; Eshleman v. Martic Township, 152 Pa. 68 ; Robb v. Carnegie, 145 Pa. 324 ; Lentz v. Carnegie, 145 Pa. 612.

*John C. Hinckley,* for appellees.—When the individual is deprived of his property without fault on his part, he is entitled to compensation : Robb v. Carnegie, 145 Pa. 324; St. Helen's Smelting Co. v. Tipping, 11 H. L. C. 642; Evans v. Fertilizing Co., 160 Pa. 209 ; Gavigan v. Refining Co., 186 Pa. 604.

OPINION BY W. D. PORTER, J., December 13, 1902 :

The plaintiffs, in their statement, aver their ownership of a residence on Brandywine street, in the city of Philadelphia; that prior to the fall of 1898, " the square was a quiet, reputable residence street ; " that in the fall of that year the defendants

purchased property adjoining that of the plaintiffs and erected thereon a building, which is used as a stable and also in their business of bread making; " that as a result of the proximity of the aforesaid building, the residence of the plaintiffs is constantly filled with the odors of manure, and other odors arising from the stable, and is also rendered undesirable as a residence by the noise of the horses in said stable, and by the noise of the machinery used by the defendants; that the plaintiffs believe that the action of the defendants in erecting said building adjoining their property, is an irreparable injury to it, rendering it of less value as a residence for themselves, and greatly reducing its value as real estate." The statement did not aver negligence in the construction of the building or the manner in which the business was conducted, nor that the business, as conducted, constituted a nuisance. There was no claim for physical injury, or suffering or loss of health on the part of the plaintiffs, or the occupants of their property. The only injury alleged was the inconvenience and discomfort to the occupants of the house caused by the odors arising from the stable and the noise of the horses and machinery used by the defendants, which, in the language of the statement, rendered the house " undesirable as a residence." The plaintiffs produced testimony tending to show that disagreeable odors came from the stable, and that the noise made by the horses in the stable and the machinery used by the defendants in the manufacture of bread, could be distinctly heard in the plaintiffs' house. Evidence was also produced which would have justified a finding that the running of the machinery by the defendants caused considerable vibration of plaintiffs' residence, but no suggestion of an injury from vibration had been embodied in the statement. The statement should be amended, if the plaintiffs are to be permitted to recover on this ground. If the operation of the machinery of the defendants caused such a vibration of plaintiffs' house as to constitute a substantial interference with its beneficial enjoyment, this was a material injury to the possession. It would have been error for the court to have given a binding instruction in favor of the defendants, and the first assignment of error is dismissed.

The evidence established that the business carried on by the defendants was the manufacture of bread. This is a business

which must be carried on in centers of population, it is lawful, and not a nuisance per se.   Whether it has become a nuisance as conducted by the defendants, depends wholly upon the proof. In the present case, there was no evidence that the defendants have permitted offensive materials to percolate through the soil of the plaintiffs' property, as was the case in Gavigan v. Atlantic Refining Co., 186 Pa. 604.   It is reasonable and necessary that persons living in a city should subject their personal comfort to the consequences of those operations, trades and businesses that are necessarily carried on in the immediate vicinity of the locality where their product is to be consumed. When a business is of this character, there can be no recovery for a trifling noise and discomfort occasioned by it to surrounding property, but even such a business must be so carried on as not to involve unnecessary annoyance.   We are of opinion that the evidence offered by the defendants to show the character of the machinery used in their business; the things which were necessary to properly conduct said business, and the precautions taken in the erection of their building to avoid unnecessary annoyance to their neighbors, ought to have been admitted. The noise of the machinery was one of the things of which the plaintiffs complained.   Whether that complaint was well founded, was a question of fact; the evidence offered by the defendants to show the manner in which the machinery was constructed and that no noise resulted from its operation, was proper for the consideration of the jury in order that they might determine the amount of credit to which the testimony of the plaintiffs was entitled.   The offer of evidence as to the thickness of the wall and the manner in which it was constructed, had a direct bearing as tending to show how much of the noise, resulting from the operation of the machinery, could probably be heard in the neighborhood outside the building. The defendants kept on the lower floor of the building horses, which were used in connection with the business of the bakery, and for no other purpose, and in view of the fact that the business of a bakery is not unlawful and that it is usually carried on in the built-up portions of cities, we are of opinion that it was competent for the defendants to show that the horses were necessary, to be used in connection with the business: Fischer v. Sanford, 12 Pa. Superior Ct. 435; Evans v. Fertilizing Co.,

160 Pa. 209 ; Price v. Grantz, 118 Pa. 402.   The third, fourth, fifth and sixth specifications of error are sustained.

There was no evidence whatever of any permanent injury to the property of the plaintiffs.   Let the machinery be stopped and the horses removed, and nothing will remain of which the plaintiffs have legal grounds for complaint.   The mere presence of the bakery upon the property adjoining that of the plaintiffs does not give a cause of action.   A schoolhouse, hospital, livery stable or licensed drinking saloon, and many other kinds of businesses, tend to affect the desirability of a neighborhood as a place of residence, and consequently to depreciate the value of surrounding property ; but the owners of such property are without legal remedy for their loss.   Nor will the fact that the business of the adjoining owner is a source of some personal discomfort and annoyance, give a right of action so long as the business is lawful and conducted in a lawful manner.   There must be substantial injury done, and the act of negligence complained of must be the cause of the injury : Keiser v. Gas Co., 143 Pa. 276.   The injury in such a case must be shown to have been real and substantial, not a trifling annoyance or injury, such as is a necessary incident to the business complained of : Price v. Grantz, supra.   The only injury to these plaintiffs, disclosed by the evidence, was the discomfort caused by unpleasant odors and sounds, in addition to that resulting from the vibration of the building, which they had not averred in their statement; should the plaintiffs recover in the present action, it must be because the defendants have conducted a lawful business in an unlawful manner.   Such recovery will not be a bar to a subsequent action to recover for future injuries of the same kind, resulting from the same cause.   Should the plaintiffs sell their property, the purchaser might recover for any unlawful injury to his possession, resulting from an improper management of the defendants' business.   The owner of any other property in the neighborhood is possessed of the same rights.   These plaintiffs cannot confer upon the defendants the right to conduct their business in an unlawful manner by recovering in this action damages for injuries to their property upon the theory that the unlawful operation is to be indefinitely continued.   If the plaintiffs are entitled to recover in this case, the measure of damages is the injury which they have

suffered down to the commencement of the action. The objection of the defendants to the introduction of evidence as to the effect of the establishment of their business upon the market value of the property of the plaintiffs, ought to have been sustained : Aldworth v. City of Lynn, 153 Mass. 53 (26 N. E. Repr. 229) ; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438 ; Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631. The second, seventh, eighth and ninth specifications of error are sustained.

The judgment is reversed and a venire facias de novo is awarded.