## Campbell *v.* Bessemer Coke Company, Appellant.

*Damages—Coke ovens—Injury to real estate.*

Where a person erects coke ovens in a village, and the smoke, vapor and acid fumes from the ovens injure a dwelling house erected in the village prior to the construction of the ovens, the owner of the dwelling house is entitled to damages from the owner of the coke ovens for the injuries received.

The manufacture of coke by a corporation on its own land from coal produced by it on land in the vicinity is not the natural and necessary use of its own property for the development of its own resources within the rule laid down in Pennsylvania Coal Company v. Sanderson, 113 Pa. 126.

Argued April 20, 1903. Appeal, No. 5, April T., 1903, by defendant, from judgment of C. P. Westmoreland County, Nov. T., 1901, No. 129, on verdict for plaintiff in case of H. M. Campell v. Bessemer Coke Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages to real estate. Before MC-CONNELL, J.

At the trial the following offer was made:

Mr. Hollingsworth : We propose to prove by the witness on the stand that in the year 1882 he became the purchaser of the premises for which damages are claimed, situate in the village of Bradenville; that he has used, occupied and enjoyed the said premises from that time until the date at which this suit

was brought; that some time during the summer or fall of 1899, the defendant, the Bessemer Coke Company, erected coke ovens within the village of Bradenville, within some 200 feet of his property and from that time until the time of the bringing of this suit they have operated those ovens continuously; that by the operation of said ovens, in which coal was burned for the manufacture of coke, great volumes of smoke, gas, sulphur and other odors and stenches were emitted from said ovens and were blown and carried upon the premises of the plaintiff, whereby he became greatly damaged, to wit: The soil of his property has become unfruitful, his roof and the gutters have become destroyed by the sulphur, gases, etc., contained in the coal from which the coke is made; that his household goods have been damaged to a very material extent by the grime, dirt and soot which has been cast upon them by the manufacture of the said coke by the said defendant company, and that the house has been blackened, both within and without, and has, therefore, become damaged to a considerable extent; that the health of his wife has been injuriously affected by the manufacture of coke aforesaid, and that he has been compelled to expend large sums of money for doctor bills and for furnishing substitutes for his said wife, and he has been compelled at different times to remove her from the neighborhood in order to get relief; and that the vegetables and fruit trees, shade trees and grape vines, etc., have been injured and destroyed; and that the entire personal effects of his house have been damaged to a greater or less extent by the manufacture of coke. And the plaintiff expects to prove further by this witness that the coal from which this coke is manufactured is not from under the tract of ground on which the coke ovens are erected.

It is admitted that the ovens are on the ground of the defendant company.

It is also admitted that the coal manufactured into coke in the ovens complained of is the product of coal mines owned and operated by the defendant in the immediate vicinity of the ovens.

Mr. Williams: We object to the offer as incompetent and immaterial and that the injuries alleged are damnum absque injuria; and further that the injuries to the health of the wife

claimed are incompetent in any aspect of the case and would be contributory negligence on her part, if an action would lie for such injuries.

The Court: Objection overruled. Exception for defendant. [1]

The defendant presented this point:

If you find even that there was depreciation in the selling or rental value of plaintiff's property, by reason of the establishment of the defendant's business in its vicinity, and that said business is a source of personal discomfot and annoyance to the plaintiff, we instruct you that defendant's business, under the uncontradicted evidence in the case, has been conducted in the usual and ordinary manner, that it is a lawful business, lawfully conducted, and that the plaintiff, therefore, cannot recover in this action, and your verdict should be for defendant. *Answer:* That would require us to dispose of the whole case. If we thought that duty rested upon us we would not hesitate to perform that duty; we have no desire to shift to the jury a thing that belongs to the court, but we don't think that it rests with the court. We cannot say that the business is lawfully conducted in the sense in which we are asked to say it here. That is the thing that we are trying to ascertain in this case.

It is true, as this point says, that the mere discomfort and annoyance that results from the location of the coke works near the plaintiff's residence, even though that may go to the extent of depreciating the market value of the plaintiff's property, is not a cause for recovery in this case. A person might not want to build a residence or to own a residence by reason of the fact that mining and coking operations are carried on in that vicinity, but the law does not recognize that as a basis for recovering any damages. It is not an unwarrantable thing for the defendant to make use of its own property; and it is only when it makes use of its own property in an unreasonable way so that it injuriously affects its neighbor that a cause of action by the neighbor accrues. It is the transcending of that limit; and the question of what is reasonable must be determined by all the surrounding circumstances that we have referred to in our general charge. Many of those circumstances are in dispute and we cannot tell what the facts are. If we had the

facts all ascertained and laid before us then we could say whether or not the business was lawfully conducted. If it transcends the limit that is placed upon every person in the ownership and use of his property, then it is not lawfully conducted in the sense of this point. It might not be in violation of any express law of the commonwealth, it might not be forbidden by any criminal law of the commonwealth, but it would be unlawful in the sense that it transcends a limit which is placed upon owners of all property, namely, that they should so use their own property as not to unreasonably inflict injury upon their neighbors. That limitation is placed upon all owners of property. It rests on this defendant as well as it would rest upon you if you were placed in the same circumstances; and the question of whether this defendant, under the evidence in this case, has transcended the reasonable limit that is to prevail in that community you must determine from the evidence.

Therefore we cannot affirm this point as a whole. There are some things in it that are correctly stated, but to ask us to dispose of all that is involved in this case is asking us more than we can perform under the law. The point is refused. [2]

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill of exceptions; (2) above instructions, quoting them.

*V. E. Williams*, with him *A. M. Sloan* and *W. A. Griffith*, for appellant.—The erection and maintenance of coke ovens for the manufacture of coke is not a nuisance per se. They may, however, become a nuisance if negligently constructed, maintained or used, but the burden of proof of such negligence is upon the plaintiff: Fischer v. Sandford, 12 Pa. Superior Ct. 435.

A mining company has the right not only to mine its coal, but also to prepare it for market; and if it uses the most effective known means and appliances to prevent the dust, fumes and gases generated in the manufacture of the coal into coke from being borne and scattered by the winds over and upon adjoining and nearby properties, it is not responsible for the injurious results: Harvey v. Coal Co., 201 Pa. 63; Collins v.

Gas Co., 131 Pa. 143; Hauck v. Pipe Line Co., 153 Pa. 366; Pfeiffer v. Brown, 165 Pa. 267; Huckenstine's App., 70 Pa. 102.

*C. B. Hollingsworth,* with him *H. E. Marker,* for appellee.— Even if we concede that there was no negligence on the part of the defendant, yet the damages inflicted by it are not damnum absque injuria: Pfeiffer v. Brown, 165 Pa. 267; Hauck v. Tidewater Pipe Line Co., 153 Pa. 366; Penna. Coal Co. v. Sanderson, 113 Pa. 126; Robb v. Carnegie, 145 Pa. 324; Brown v. Torrence, 88 Pa. 186; Herbert v. Rainey, 162 Pa. 525.

The defendant was guilty of negligence: Robb v. Carnegie, 145 Pa. 324; Penna. R. R. Co. v. Marchant, 119 Pa. 541; Gavigan v. Refining Co., 186 Pa. 604; Evans v. Fertilizing Co., 160 Pa. 209.

OPINION BY HENDERSON, J., October 5, 1903:

The two assignments of error raise the same question. The first is in effect a demurrer to the plaintiff's evidence, and the second a complaint of the refusal of the court to give binding instructions to the jury in favor of the defendant. The jury having found in favor of the plaintiff, the question for consideration is, whether the facts established constitute a cause of action.

The plaintiff is the owner of a lot in the village of Bradenville in Westmoreland county, which he purchased in 1883. About two years thereafter he erected a brick dwelling house on the lot, where he has since resided. In 1899 the defendant company purchased coal lands and a coke plant in Derry township, Westmoreland county, in which township the village of Bradenville is located, and immediately thereafter engaged in the manufacture of coke. In the fall of that year the company erected sixty-seven new ovens near those theretofore operated and in the village of Bradenville. The new block of ovens is about two hundred feet distant from the dwelling house of the plaintiff, at the nearest point. The plaintiff's evidence shows that the erection and operating of the ovens constructed in 1899 has resulted in substantial damage to his property, caused by smoke, vapor and acid fumes thrown off in the manufacture

of coke.   The plaintiff's evidence is direct upon this point, and if believed by the jury, justified the conclusion reached by the verdict.

The defendant contends that it is engaged in a lawful business conducted in a lawful manner without negligence or malice, and that any damage resulting to the plaintiff is damnum absque injuria.

If the subject presented were a new one, we should feel justified in discussing it at greater length.   We do not consider it an open question in this state, nor are we disposed to advance beyond the limit marked by previous adjudications.   The plaintiff has a clear right to the use and enjoyment of his own property.   The defendant has no right to injure it except under special circumstances arising from necessity in the enjoyment of its own property.   It was said in Pfeiffer v. Brown, 165 Pa. 267, that " the defendant's right to injure another's land at all, to any extent, is an exception, and the burden is always upon him to bring himself within it."   In the case of a conflict in the enjoyment of property the owner's right will prevail, but in order to avoid liability for damages which may result from such use, it must appear that the injury is not avoidable, or that its avoidance would incur such expense as would be practically prohibitive of the enjoyment of the property.

In order to bring the defendant's case within the exception referred to, the defendant must show that the injury complained of is the natural and necessary consequence of the exercise of its legal rights by the defendant in the development of its property.   To permit such injuries from considerations of convenience or economy would abrogate the rule sic utere tuo ut alienum non lædas.   The defendant is not engaged in the exercise of a public franchise, and is not therefore entitled to the exemption from liability for damages which attaches to a railroad or other public corporation.   Nor is the manufacture of coke at the place complained of, the natural and necessary use of the plaintiff's property.   It was decided in Robb v. Carnegie, 145 Pa. 324, that " the production of iron or steel or glass or coke while of great public importance, stands on no different ground from any other branch of manufacturing, or from the cultivation of agricultural products.   They are needed for use and consumption by the public, but they are the results

of private enterprise conducted for private profit and under the absolute control of the producer." In the same case it was said that " the interests in conflict in this case are not therefore those of the public and of an individual, but those of two private owners who stand on equal ground as engaged in their own private business."

The case referred to was an action for damages for injury resulting from the manufacture of coke, and it was there held that the selection of a location for the manufacture of coke was the selection of a manufacturing site, and subject to the same considerations as though glass or lumber or iron had been the commodity to be produced instead of coke.

The same principle is supported in Brown et al. v. Torrence, 88 Pa. 186, and Herbert v. Rainey, 162 Pa. 525. The cases of Pennsylvania Coal Company v. Sanderson, 113 Pa. 126, and Harvey v. Coal Company, 201 Pa. 63, decide that an owner of property is not responsible for injuries to another which are the natural and necessary result of the development of his own land by the owner. They do not go far enough to hold that the manufacture of coke by the defendant on its own land from coal produced by it on land in the vicinity is the natural and necessary use of its own property for the development of its resources. The plaintiff's evidence tends to show that the injury complained of was peculiar to his own property, was real and substantial, and susceptible of pecuniary estimate. On the authority of the cases above cited and others which might be referred to, the learned judge committed no error in submitting to the jury the question whether the plaintiff actually sustained the injuries complained of. The judgment is therefore affirmed.