# Wilson *v.* Cather, Appellant.

*Equity—Jurisdiction—Title to land.*

A court of equity will have jurisdiction over a bill for an injunction to compel the removal of obstructions to an alley, where it appears that the plaintiff's right to the use of the alley is clear. In such a case it is not necessary that the plaintiff's right should first be settled at law.

*Alleys—License—Revocable license—Adverse possession.*

Where the owner of land on which there is an alley gives to the adjoining owner a revocable license to erect and maintain a structure over the alley, reserving egress and ingress, the licensee cannot claim title by adverse possession after the expiration of twenty-one years from the date of the license.

Argued Jan. 5, 1906.   Appeal, No. 155, Jan. T., 1905, by defendant, from decree of C. P. No. 3, Phila. Co., June T., 1904, No. 5032, on bill in equity in case of James Paul Wilson and Oscar W. Wilson v. Bertha E. Cather et al.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction to compel the removal of obstructions to an alley.

From the record it appeared that plaintiffs owned the premises 4207 Frankford avenue in the city of Philadelphia, and that the defendants owned the adjoining property 4205 Frankford avenue.   In 1800 the common owner of the two lots conveyed plaintiff's lot " with the privilege of an alley, or passage of ten feet wide to be left open over and across " the other lot. In 1874 the property belonging to the plaintiffs was owned by their ancestor, Abel Wilson, and the property belonging to the defendants was owned by one K. Schott.   On January 1, 1874, Wilson and Schott met together and executed the following paper:

"Jan. 1, 1874.

" Leopold Schott,

" This is to certify that I have given permission to Leopold Schott of Frankford 23rd Ward Phila. State of Pennsylvania to construct a barn and shed and to hold Possession of said right of way Except Egress and Ingress as it now Stands for a Term at my own option.   First day of January one Thousand Eight Hundred and Seventy-four At a yearly Rental of one cent.   And that he Leopold Schott will not be compelled to give Possession for a less Period than Sixty days' Notice and that he will at any time under any circumstances give Possession in Sixty days to said Abel Wilson his heirs or assigns and leave said alley or right of way according to Deeds.

(Signed)      " ABEL WILSON
L. SCHOTT.

" THOS. B. TAYLOR,
" JOHN B. WILSON."

In pursuance of the license Schott erected a shed over a part of the alleyway, leaving a passage only three feet wide.

Schott died in 1885. The evidence showed that the defendants closed up the alleyway by building a fence across each end, and were now using the alleyway as a sideyard to a dwelling.

The defendants demurred to the bill. After argument upon the demurrer McMICHAEL, J., filed the following opinion :

In this case the bill sets up title by deed to the use and privilege of an alleyway of ten feet over defendant's land, and that the defendants have wrongfully taken possession of the alley.

Where there is a controversy over a question of a title at law, equity will not interfere until the matter of title has been settled at law : O'Neil v. McKeesport, 201 Pa. 386, citing Washburn's Appeal, 105 Pa. 480. To the same effect are Rhea v. Forsyth, 37 Pa. 503 ; North Penna. Coal Co. v. Snowden, 42 Pa. 488 ; Long's Appeal, 92 Pa. 171 ; Thomas v. Hukill, 131 Pa. 298.

But where in a proceeding in equity the plaintiff's title is clear, and all the evidence relating to it is of such a character that a judge, in a trial at law upon the same evidence, would not be at liberty to submit the question of the plaintiff's title to a jury, equity will grant relief, although there has been no adjudication at common law : Richmond v. Bennett, 205 Pa. 470.

Assuming, as we must upon the hearing upon demurrer, the title to be as asserted by plaintiff, and also assuming the facts alleged in the plaintiff's bill to be true, that the defendants have wrongfully deprived plaintiffs of their easement, the only question remaining is, have the plaintiffs an adequate remedy at law ? In Ferguson's Appeal, 117 Pa. 426, in which the opinion of the Supreme Court was delivered by Mr. Justice PAXSON (p. 450), a case somewhat similar to the present one, the jurisdiction of a court of equity was sustained. So also in the case of Hacke's Appeal, 101 Pa. 245. In Manbeck v. Jones, 190 Pa. 171, it was held that where a continuous and apparent servitude is imposed by an owner upon one part of his land for the benefit of another, and where the right to a way is not doubtful, but is clearly shown, equity has jurisdiction to compel the keeping open of the way. So also in Miller v. Lynch, 149 Pa. 490, which was a bill for an in-

junction to restrain the defendant from building over an alley, it was held by the Supreme Court in a Per Curiam opinion (p. 464), the injury complained of was of a permanent nature, and not reparable by an action of damages or ejectment. It is settled that a court of equity will interfere to restrain by injunction a trespass of a permanent nature: Masson's App., 70 Pa. 26. The appellants allege, however, that the plaintiff's right should have been first settled at law. This would be so if there was a serious dispute in regard to it. Where his right is clear, however, a chancellor will not hesitate to act. It is not enough for the defendant to deny the plaintiff's right; his denial must be based upon facts which show a substantial dispute. The facts found by the master show that the plaintiff's right to the use of this alley in the manner claimed by him was entirely clear. It would have been useless to send the case to a jury to settle a question of fact which is not of a tangible nature.

The demurrer is therefore overruled, with leave to the defendant to answer.

The case was subsequently heard on bill, answer and proof, and VON MOSCHZISKER, J., after finding the facts, delivered the following opinion:

At every stage of this proceeding the defendants have contended, through their counsel, that they owned the bed of the ten feet wide alley in question, absolutely and in fee, free and discharged of any use which may have been at any time reserved therein to others; that they and their predecessors in title had held open, notorious, exclusive, continued and adverse possession thereof for upwards of thirty years; that the plaintiffs should be put to an action at law and an issue should be granted to try this question of title before equity should take any jurisdiction in the case. A demurrer was filed at the beginning of the case and a demand for an issue made. This demurrer was overruled and the question of granting an issue left to the discretion of the court when the case should come up on bill and answer. When the case was called for hearing, the demand that an issue be granted was again made, but the court decided to hear the testimony in the case, reserving a ruling as to the granting of an issue until after the testimony

should be heard.   After the hearing of testimony the demand for the granting of an issue was again repeated and the court held the matter under consideration.

(*a*) On a full consideration of all of the facts as shown by the testimony taken, of the authorities cited, and of the arguments of counsel, the court has reached the conclusion that it would be improper to grant an issue, to try the question of title in this case, and that the facts can be properly found and relief granted in the present proceeding.

(*b*) We feel that the right here is quite clear, and that the proofs show that the denial of the right is not based upon facts which in law show a substantial dispute.   If the present case were being tried before a jury, the court would be justified in charging that if the jury believed that the shed was erected by Schott in 1874, under and in pursuance of the paper signed by said Schott and Wilson on January 1, of that year, that that was a personal license to Schott for that purpose, and that the occupancy of the land by that construction during the lifetime of said Schott, under the evidence in this case, would not in any sense be an exclusive, adverse and hostile occupancy; and, further, that there is no other testimony in the case sufficient in character to show a continued, exclusive, open, notorious and adverse occupancy against the plaintiffs or their predecessors in title for twenty-one years and upwards.   This would practically leave the question as to this paper as the only matter to be found by the jury, that is, as to whether the paper produced was a genuine paper, and as to whether the construction of the shed was made under authority and in pursuance thereof, and as to that there could be but one finding, and that in favor of the contention of the plaintiffs, as the testimony on the point is not only competent but absolutely all one way and uncontradicted.   Any other finding could not be sustained.

(*c*) Schott died in the year 1885, less than twenty-one years from the present time, so that, looking at it from the worst point of view for the plaintiffs' case, if the occupancy of a good part of the soil of the alley by this shed since the date of Schott's death could be taken as an exclusive, open, notorious and adverse possession, still the statutory period of twenty-one years has not expired.

There is no question whatever that the ten feet were originally reserved by deed as an alley for the use of the owners, tenants and occupiers of the property of the plaintiffs in common with the other properties bounding thereon, and that this alley, although not always referred to in the deeds in the line of title of the two properties in question, was referred to in some of the subsequent deeds in both lines of title ; and, further, that there is not any testimony anywhere in the case that shows any extinguishment thereof by deed or writings in the nature thereof, therefore to that point the plaintiffs' show a clear right to the relief they ask.

(d) The right to the alley having been created by deed and never extinguished, and the evidence as to the erection of the shed depended upon by the defendants to show continued, exclusive, open, notorious and adverse possession having been met by strong and uncontradicted competent evidence that such possession was not hostile or adverse down to the year 1885 at least, and the other testimony given not of itself being sufficiently substantial in its nature to throw any grave doubt upon the continued existence of the right to use the alley, looking at the case as a whole, there is not presented a substantial dispute as to title, therefore an issue should not be granted.   The proofs adduced and the facts found make this plainly an instance in which the court can and should act on the case as presented.

On the findings of the court, all of the prayers of the bill, with the exception of the sixth, will have to be granted as against the defendant, Bertha E. Cather, and the costs placed upon that defendant, and the bill will have to be dismissed as to John Cather, the other defendant.   Counsel for the plaintiffs will prepare and submit a decree accordingly.

*Error assigned* was the decree of the court.

*William Drayton*, for appellant.—The right was not clear and there was a serious dispute as to the material facts : Piro v. Shipley, 211 Pa. 36.

Defendants had title by adverse use and are not bound by the license of January 1, 1874 : Meehan v. Williams, 48 Pa. 238 ; Sweetzer v. Atterbury, 100 Pa. 18 ; Boyer v. Webber, 22 Pa.

Superior Ct. 35; Bond v. Stroup, 3 Bin. 66; Bracken v. Miller, 4 W. &. S. 102; Arnold v. Corman, 50 Pa. 361; Smith v. McNeal, 68 Pa. 164; Carr v. Wallace, 7 Watts, 394.

Rejecting the unrecorded lease the preponderating weight of the testimony is clearly on the side of adverse possession; but even conceding, for the sake of argument, that there is a greater amount of testimony against it than for it, no chancellor could say it was so clear that there was not a serious dispute. Defendants' denial was based upon facts which show a substantial dispute: Miller v. Lynch, 149 Pa. 460.

It is clear that questions of title of this kind should be referred to a jury: Rhea v. Forsyth, 37 Pa. 503; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Long's App., 92 Pa. 171; Washburn's App., 105 Pa. 480; Thomas v. Hukill, 131 Pa. 298; Williams v. Fowler, 201 Pa. 336; O'Neil v. McKeesport, 201 Pa. 386; Scanlin v. Conshohocken Boro., 209 Pa. 48; Coward v. Llewellyn, 209 Pa. 582; Godino v. Kane, 26 Pa. Superior Ct. 596.

*William H. Peace,* for appellees.—The court below has found that the plaintiff's right to this easement was created by deed; that the title to its use was clear, and that no substantial dispute of this right, in a legal sense, was shown by the defendant. That being so, it is submitted the following cases are in point: Hacke's App., 101 Pa. 245; Ferguson's App., 117 Pa. 426; Miller v. Lynch, 149 Pa. 460; Manbeck v. Jones, 190 Pa. 171; Piro v. Shipley, 211 Pa. 36; Schmoele v. Betz, 212 Pa. 32; Gray v. Citizens' Gas Co., 206 Pa. 303.

The defense was non-user of the alley for over twenty-one years by plaintiffs; but the testimony was of a negative character, and if presented to a jury, binding instructions for plaintiffs would have been given: Lindeman v. Lindsey, 69 Pa. 93; Bombaugh v. Miller, 82 Pa. 203; Dark v. Johnston, 55 Pa. 164; Baldwin v. Taylor, 166 Pa. 507.

PER CURIAM, January 29, 1906:
The decree is affirmed on the opinions of the court below, overruling the demurrer, and on the final hearing.