# Megahey, Appellant, *v.* Farmers' and Mechanics' Savings Fund and Loan Association.

*Res adjudicata—Action at law—Bill in equity—Cause of action.*

Jurisdiction will not be taken in equity to retry on the same facts a cause of action that has been decided in proceedings at law.

Argued April 25, 1906.    Appeal, No. 9, Jan. T., 1906, by plaintiffs, from decree of C. P. Crawford Co., May T., 1905, No. 2, sustaining demurrer to bill in equity in case of Jane Megahey v. The Farmers' and Mechanics' Savings Fund and Loan Association and Myron Houghtaling.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Bill in equity for an injunction.    Before THOMAS, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court sustaining the demurrer.

*Manley O. Brown*, with him *H. J. Humes & Son*, for appellant.

*C. L. Stevenson*, with him *Thomas J. Prather*, for appellee.

PER CURIAM, May 14, 1906 :
The assignments of error are to an order sustaining a demurrer by one of the defendants, The Farmers' and Mechanics' Savings Fund and Loan Association, to a bill to enjoin the collection of a mortgage held by it.    The demurrer is not to defects appearing on the face of the bill, and its allegations are dehors the record.    No objection has, however, at any stage of the proceeding been made to this, and the ground of defense raised by the demurrer was considered in the common pleas as if raised by answer.    It is alleged in the demurrer that the association has obtained judgment in a proceeding at law on the bond accompanying the mortgage and that in that proceeding the same facts were set up as a defense that are set up by the bill.    The jurisdiction at law was broad enough to cover any ground of defense and the adjudication is final and conclusive.    To take jurisdiction in equity would be to retry the same case on the same grounds.

The order of the court is affirmed.