New Cumberland Borough, Appellant, *v.* The Riverton Consolidated Water Company and Mountain Water Company.

*Equity—Jurisdiction—Municipal corporations—Water company—Contract to sell plant—Adequate remedy at law—Mandamus—Act of June 7, 1907, P. L. 440.*

1. A court of equity is without jurisdiction in a case where a municipal corporation seeks to compel a water supply company to sell its plant under a special contract and to render a statement of the cost of erecting and maintaining its works. The appropriate remedy in such a case is at common law by mandamus.

2. Such a case is not within the purview of Act of June 7, 1907, P. L. 440, where the appeal is by the plaintiff and the contention that "suit should have been brought at law" is not raised and where furthermore the question is not whether the decree shall be reversed or set aside, but simply whether the appeal shall be dismissed. Under these circumstances a dismissal of the bill will not be disturbed. Williamsport v. Citizens' Water & Gas Co., ante, p. 232, distinguished.

*Municipalities—Boroughs—Ordinance—Option to buy—Construction—Acceptance of ordinance—Charter rights—Act of April 29, 1874, P. L. 73.*

3. A borough ordinance, passed for the purpose of giving a franchise to a certain party to enter upon the streets and highways of the borough for the purpose of supplying water to the borough and its inhabitants, provided as follows: "That the said borough of New Cumberland shall have the option before all other persons or corporations to purchase the complete and entire plant of the said H. M. Horner at the end of ten (10) years, as provided for by the existing laws of the state of

Pennsylvania, and if no purchase is made by the borough at the end of ten years, then this ordinance is to remain in full force until waterworks are purchased by the said borough." *Held,* as the opinion of the Supreme Court although not involved in the decision of the case that the words used mean that the borough shall have the right to acquire the water plant upon the terms provided in the Act of April 29, 1874, P. L. 73, at any time after ten years, instead of "at any time after twenty years" as fixed in the statutes.

4. If companies incorporated after the date of such an ordinance, assignees of the privileges which were passed for the benefit of one of the companies in anticipation of its incorporation, have accepted and assumed the benefits and obligations of the ordinance and installed a plant thereunder, they are presumably subject to and bound by its provisions, even though they had a charter right under the Act of April 29, 1874, P. L. 73, to enter the borough and install their plant.

Argued April 25, 1911. Appeal, No. 233, Jan. T., 1910, by plaintiff, from decree of C. P. Cumberland Co., in equity, June T., 1909, No. 5, sustaining demurrer in case of Borough of New Cumberland v. The Riverton Consolidated Water Company and Mountain Water Company. Before Fell, C. J., Brown, Mestrezat, Stewart and Moschzisker, JJ. Affirmed.

Bill in equity to compel the defendant company to sell its plant to the plaintiff borough and to render to it an itemized statement of the net cost of erecting and maintaining its works, together with a detailed statement of dividends declared, and to exhibit such books, accounts, etc., as might be necessary to verify the statement so made. Before Sadler, P. J.

The material facts are stated in the following excerpt from the opinion of the court below: "On January 20, 1896 an ordinance was passed by the borough of New Cumberland, the plaintiff in this case, giving a franchise to H. M. Horner, or his heirs and assigns, to enter upon the streets and highways of that municipality for the purpose of supplying water to the same and its inhabitants. This ordinance contained a number of provisions; the one pertinent to the present contention, and upon which the

bill in this case is based being the eleventh section, and is as follows:

" 'That the said borough of New Cumberland shall have the option before all other persons or corporations to purchase the complete and entire plant of the said H. M. Horner at the end of ten (10) years, as provided for by the existing laws of Pennsylvania, and if no purchase is made at the end of ten years, then this ordinance is to remain in full force until waterworks are purchased by the said borough.'

"The Mountain Water Company was incorporated February 20, 1896, under the General Act of April 29, 1874, P. L. 73, providing 'for the incorporation and regulation of certain corporations.' This corporation was on February 17, 1904, merged with other water companies into a corporation designated the Riverton Consolidated Water Company.

"On August 16, 1909, the town council of the said borough passed a resolution declaring that 'it intended and proposed to become the owner of the works and property of the said Mountain Water Company, under the terms of the franchise granted the said Mountain Water Company on January 20, 1896, and accepted by it on the twenty-second day of the same month, and the acts of assembly relating to this subject, made and provided, and agreeing and undertaking thereby to pay therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends heretofore declared.' The resolution also contained the request that the Riverton Consolidated Water Company should 'exhibit to a committee of the town council, their attorney or expert accountant, a detailed or itemized statement showing the net cost of erecting and maintaining the works and property of the Mountain Water Company, as well as the amounts and dates of the payment of all dividends, if any, declared, together with such information as will enable said committee, its agents and experts to verify

said statements, and that if said request is not complied with, and if the same is not done, to take such legal steps as may be necessary to compel the giving of the information desired.' A copy of the resolution was served upon the secretary of said Riverton Consolidated Water Company, on August 18, 1909, and reply made on September 17, that 'we have no desire at present to part with our plant,' and the information desired was thus refused.

"The bill prays . . . . for a decree, that 'the plaintiff is entitled to purchase the plant of the Mountain Water Company by virtue of the ordinance of January 20, 1896, under the laws of the State, and also, that a detailed and itemized statement of the net cost of erecting and maintaining the works and property of the said Mountain Water Company, as well as of all dividends declared by the same, be furnished, and that an order be made upon it to produce all its books, accounts, etc., to the water committee, attorney, or expert accountant, if such statement is regarded insufficient, so that the same may be compared and properly made up, according to the act of assembly in such case made and provided.' . . . ."

The plaintiff's claim of right was averred in the bill as based on the section of the ordinance above quoted and clause 7, of sec. 34, of the Act of April 29, 1874, P. L. 73, which provides that, "It shall be lawful at any time after twenty years from the introduction of water . . . . into any place . . . . for the . . . . borough . . . . into which said company shall be located, to become the owners of said works, and the property of said company, by paying therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared."

The defendants demurred, and the court below dismissed the bill.

*Errors assigned* were sustaining the demurrer and dismissing the bill.

*J. W. Wetzel*, with him *Conrad Hambleton*, for appellant.

*S. B. Sadler*, for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, July 6, 1911:

The court below dismissed the bill upon the ground that the provision of the ordinance of councils, "That the said borough of New Cumberland shall have the option before all other persons or corporations to purchase the complete and entire plant of the said H. M. Horner at the end of ten (10) years as provided for by the existing laws of the State of Pennsylvania, and if no purchase is made by the borough at the end of ten years, then this ordinance is to remain in full force until water-works are purchased by said borough," did not serve to reduce the time fixed in clause 7, of sec. 34, of the Act of April 29, 1874, P. L. 73, to ten years, but merely gave the borough a contingent right to purchase the water company's plant before all others at the end of the ten years named in the ordinance, provided the water company was then willing to sell, or, in the words of the court below, it simply meant that "at the end of ten years there can be no sale by the company of its property and rights to 'other persons or corporations' without first offering it to the borough." We cannot agree with this construction. We interpret the words used to mean that the borough shall have the right to acquire the water plant upon the terms provided in the act of 1874, supra, at any time after ten years, instead of "at any time after twenty years" as fixed in the statute.

The defendants contend, however, that they had a charter right under the act of 1874 to enter the borough and install their plant, and therefore the ordinance was not binding upon them. It is to be noted that these companies were not incorporated until after the date of the grant to Horner, and, as we understand the case from the averments of the bill demurred to, they are the assignees of the Horner privileges which were passed for the benefit

of the Mountain Water Company in anticipation of its incorporation. If the defendant companies for reasons of their own accepted and assumed the benefits and obligations of this ordinance and installed the plant thereunder, or if they took over a plant so installed, presumably they are subject to and bound by the section of the ordinance particularly depended upon by the plaintiff. But since we have not the benefit of any findings and do not know exactly what the real facts are, we shall not attempt to determine the actual effect of the ordinance upon the liability of the defendant company under the act of assembly; for whatever its effect may be, the court below was without jurisdiction in equity to afford the desired relief. We have fully treated of the subject of the proper proceedings to be pursued in actions of this character in an opinion this day filed in the case of the City of Williamsport v. The Citizens' Water and Gas Co., ante, p. 232; and we there held that the remedy was at common law by mandamus.

In the case just cited we remitted the record to the court below with directions to transfer the cause to the law side of the court. This was done in acquiescence with sec. 3, of the Act of June 7, 1907, P. L. 440, which provides: "If upon an appeal, after a decision upon the merits, the question whether the suit should have been brought at law is not specifically raised by the defendant's assignments of error, the question shall be deemed to have been waived, and the decree below shall not be reversed or set aside because the suit should have been brought at law. If it is so raised, and the decision of the appellate court is that the suit should have been brought at law, it shall remit the cause to the court below, with directions to transfer it to the law side of the court. . . . The plaintiff shall not be permitted to raise the question upon his appeal after a decision upon the merits, nor shall the decree below be reversed or set aside upon his appeal, because the suit should have been brought at law." In the Williamsport case the appeal was by the defendant and the assignments

of error specifically raised the contention that "the suit should have been brought at law." Here the appeal is by the plaintiff, and that point is not so raised. Furthermore, the question is not whether we shall "reverse or set aside" the decree, but simply whether we shall dismiss the appeal. Hence the present case is not within the principle of our decision in the Williamsport case, or within the purview of the act of 1907.

Since the suit was instituted in equity and tried without jurisdiction, a judgment in favor of the plaintiff could not have been sustained had it been entered (Lewisburg Bridge Co. v. County of Union, et al., decided at this term, ante, p. 255—and cases there cited); under these circumstances we shall not disturb the dismissal of the bill; although, as before indicated, if the error assigned as to the construction placed upon the ordinance were the only matter before the court for decision, we should sustain the specifications and reverse the decree with a procedendo.

The appeal is dismissed, without prejudice; the costs to be divided between the parties.