## Nissley, Appellant, v. Drace.

*Equity—Equity practice—Bills in equity—Dismissal—Certification to law side—Act of June 7, 1907, P. L. 440—Appeals.*

1. An order revoking the certification of proceedings in equity to the law side of the court will be sustained where it appears that the court had already heard the case on its merits and had dismissed the bill, on the ground that the evidence was insufficient to establish plaintiff's title.

2. Such a case is not within any of the sections of the Act of June 7, 1907, P. L. 440, under which a cause cannot be certified to the law side of the court after a final decree dismissing the bill.

Argued April 20, 1913.   Appeal, No. 162, Jan. T., 1913, by plaintiff, from order of C. P. Lancaster Co., Equity Docket No. 5, page 277, revoking the certifica-

tion of proceedings in equity to the law side of the court in case of Abraham L. Nissley v. Daniel Drace. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain defendant from interfering with plaintiff's alleged right to the use of a watercourse. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

The court after trial on the merits dismissed the bill, and upon petition of plaintiff, certified the case to the law side of the court. On petition of the defendant filed after the time for taking an appeal from the decree dismissing the bill had expired, the court revoked its order certifying the case to the law side of the court. Plaintiff appealed.

*Error assigned* was in revoking the certification of the case to the law side of the court.

*John E. Malone,* with him *Harnish & Harnish,* for appellant.

*John M. Groff,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 27, 1913:

The plaintiff claimed certain rights in a stream of water which he alleged had been diverted to his prejudice; he filed a bill in equity and prayed that the defendant be enjoined from diverting the water and be required to restore a dam on the latter's property to accomplish that purpose. The defendant demurred, upon several grounds, one of which was that the plaintiff would have to establish title to the right asserted by him at law before equity would take jurisdiction. Without entering any formal judgment upon the demurrer, leave was granted to amend the bill, and after the amendment was filed the defendant answered, again

raising, inter alia, the question of jurisdiction. The cause came on for hearing and the court below disposed of the case on its merits, against the plaintiff. The trial judge states that "any right which the plaintiff asserted rested solely on the ground that he had by long user acquired the privilege to use the water," and concluded that the evidence relied upon did not establish title to the privilege claimed. After reaching this conclusion the chancellor expressed the view that the plaintiff should establish his title at law, adding, however, "under all the facts and circumstances arising in the case, and under the law as applicable to them, we are of opinion that this bill ought to be dismissed."

Exceptions were filed, and when these were disposed of, on March 30, 1912, a final order was entered formally dismissing the bill. On September 17, 1912, the plaintiff presented a petition under the Act of June 7, 1907, P. L. 440, asking that the case be certified to the law side of the court, and the prayer was granted. On March 29, 1913, on petition of the defendant, the court below entered a decree revoking its former order and striking off the certification; the plaintiff has appealed from this decree.

While the chancellor stated that the plaintiff should establish title to the right claimed by him at law before coming into equity, yet it is plain that that expression of opinion was but a make-weight, and that the case was really determined upon its merits. This is not an instance where the court could not acquire jurisdiction over the subject-matter, for we have held in cases of like character that, where the proofs do not show a substantial dispute on the question of title, equity will take jurisdiction and dispose of the whole matter without referring the case to the law side of the court (Wilson v. Cather, 214 Pa. 3); and the opinion of the chancellor shows that he thought the evidence insufficient to prove title in the plaintiff or to sustain a finding in his favor on that issue.

The case is not within any of the sections of the Act of 1907, supra; thereunder, a cause cannot be certified to the law side of the court after a formal decree dismissing the bill, and, in fact, that act particularly provides that the question of jurisdiction in equity cannot be raised by a plaintiff upon his appeal after a decision on the merits (See New Cumberland Boro. v. Water Co., 232 Pa. 525, 530). Here the plaintiff at all stages of the proceeding insisted that equity had jurisdiction; if he desired to question any of the findings or conclusions of the chancellor he should have appealed from the decree formally dismissing his bill, but instead of so doing, and without asking for any change in the form of that decree, he led the trial judge into an inadvertent order certifying the case to the law side of the court. Since this order was made after the bill had already been formally dismissed, if it had not been revoked, and the defendant had appealed therefrom, we should have been obliged to set it aside as improvidently entered, hence, we will not reverse the court below for pursuing that course; and the fact that it is now too late to appeal from the dismissal of the bill cannot be considered in passing upon the propriety of the decree in question.

The assignments of error are overruled and the decree is affirmed at the cost of the appellant.