## Smith, Appellant, *v.* McClure et al.

*Equity—Jurisdiction—Real estate—Act of June 7, 1907, P. L. 440—Deed in fraud of creditors—Res adjudicata.*

1. Where a party seeks relief in a court of equity and insists on its jurisdiction, he cannot thereafter complain because the court sustains his contention and disposes of the case upon its merits.

2. Equity has concurrent jurisdiction with law where property has been fraudulently conveyed or encumbered in order to defeat the claims of creditors.

3. Under the Act of June 7, 1907, P. L. 440, the decision of a court of equity in favor of its jurisdiction is conclusive on plaintiff.

4. On January 9, 1915, the owner of certain land conveyed it to his wife; the deed was recorded on February 12, 1915. Between the delivery and recording of the deed, the grantor gave a third party a judgment note on which judgment was entered prior to the recording of the deed. Thereafter such third party filed a bill in equity against the grantee averring that the deed was in fraud of the rights of creditors and praying that it be decreed void. The grantee filed an answer denying the allegations and averring that the complainant was not entitled to equitable relief. The complainant contended at every stage of the proceeding that the court had jurisdiction and filed a replication. The court on final hearing dismissed the bill. Thereafter plaintiff issued execution on his judgment by virtue of which the land was sold to him by the sheriff; plaintiff then brought an action of ejectment against the grantor and the grantee in the deed, basing his right to recover on the alleged fraudulent character of the deed. Defendants' answer averred that the question of the validity of the deed was res adjudicata. The court below entered judgment for defendants on demurrer to the answer. *Held,* no error.

Argued Feb. 7, 1917.   Appeal, No. 13, Jan. T., 1917, by plaintiff, from judgment of C. P. Chester Co., Oct. T., 1916, No. 4, for defendants on demurrer in case of C. Shillard Smith v. Hattie C. McClure and Henry C. McClure, her husband.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Ejectment to recover land in the Borough of Coatesville.   Before BUTLER, P. J.

The opinion of the Supreme Court states the case.

The court entered judgment for defendants on demurrer to defendants' answer.   Plaintiff appealed.

*Error assigned* was in entering judgment for the defendants.

*W. E. Greenwood,* for appellant.

*S. Duffield Mitchell,* for appellees.

OPINION BY MR. JUSTICE WALLING, March 12, 1917:

On January 9, 1915, Henry C. McClure executed and delivered to his wife, Hattie C. McClure, a deed for certain land in the Borough of Coatesville, which deed was duly recorded on February 12th, of the same year. Between the delivery and recording of the deed Mr. McClure gave C. Shillard Smith, the plaintiff herein, a judgment note for an existing indebtedness, on which judgment was entered prior to the recording of the deed. Thereafter plaintiff filed a bill in equity in the Court of Common Pleas of Chester County, against Hattie C. McClure, averring that the deed was in fraud of the rights of the creditors of Henry C. McClure, and particularly in fraud of the rights of plaintiff; and praying that it be decreed fraudulent and void and as such expunged for the record. To this Mrs. McClure filed answer denying the allegations thereof and further averring that complainant was not entitled to equitable relief, and that a court of equity was without jurisdiction therein. Plaintiff insistently contended at every stage of the proceeding that the court had jurisdiction. He filed a replication and the case proceeded to trial on the merits. On the conclusion of the testimony submitted by plaintiff, the court, being of the opinion that the right to equitable relief had not been substantially proven, entered a decree dismissing the bill at costs of complainant; and later dismissed the rule to strike off the decree, whereby it became final.

Thereafter plaintiff issued execution on his said judgment, by virtue of which the land was sold to him by the sheriff; and then plaintiff brought this action of ejectment against Mr. and Mrs. McClure, and bases his right to recover on the alleged fraudulent character of the deed. Defendants' answer sets up the decree in the equity suit, and avers that thereby the question as to the validity of said deed is res adjudicata; and, on plaintiff's demurrer thereto, the court below entered judgment for the defendants.

The rule urged for appellant, that jurisdiction of the subject-matter cannot be acquired by consent, is sound as a general proposition, but has no application to this case because equity has concurrent jurisdiction with the law side of the court of actions to set aside alleged fraudulent conveyances of real estate. However, where there is an adequate remedy at law and by reason of which defendant raises the question of jurisdiction by demurrer or answer, the case will be remitted to the law side of the court: Act of June 7, 1907, P. L. 440 (Purdon's Digest, 13th Ed., Vol. V, page 6061). Under that act the decision of a court of equity in favor of its jurisdiction is conclusive upon the plaintiff. Here appellant sought relief in a court of equity and insisted on its jurisdiction and he cannot now complain because the court sustained his contention and disposed of the case upon its merits. In a case like this where the parties voluntarily proceed to trial upon the merits the decree in equity is valid, and the plaintiff is not relieved therefrom because the defendants vainly sought to oust the jurisdiction of the court.

Even a defendant waives his right to an issue, or to a trial upon the law side of the court, unless he demands it promptly. "While objection to the jurisdiction can, generally, be made at any stage of the proceedings, objections to the jurisdiction of equity on the ground that the proceedings should have been instituted on the law side of the court, will not be entertained, unless made within a reasonable time after bill filed. 'Whether a case may be brought in the chancery form is only a question of form and not of jurisdiction, and the objection is waived if not made in due season' ": Penna. R. R. Co. v. Bogert, 209 Pa. 589, 602.

Equity has concurrent jurisdiction with law where property has been fraudulently conveyed or encumbered in order to defeat the claims of creditors: Orr v. Peters, 197 Pa. 606. And see Kemmler v. McGovern, 238 Pa. 460; and Wagner v. Fehr, 211 Pa. 435.

The case of Hyde v. Baker, 212 Pa. 224, is not parallel to this; for in that case the defendants appealed, and, aside from that, the creditor there first pursued his remedy at law by a sheriff's sale of the land in question, of which he became the purchaser; it was there held that his only remaining step was an action of ejectment and not a bill in equity. And that case was determined prior to the passage of the said Act of 1907.

Where a plaintiff at all stages of the proceeding insisted that equity had jurisdiction, he cannot after the bill has been dismissed upon the merits have the case certified to the law side of the court: Nissley v. Drace, 242 Pa. 105.

Neither can he maintain an action at law for the identical cause of action already determined against him in equity. "Jurisdiction will not be taken in equity to retry on the same facts a cause of action that has been decided in proceedings at law": Megahey v. Farmers' & Mechanics' Savings Fund & Loan Assn., 215 Pa. 351. And the same rule applies generally to courts of concurrent jurisdiction. Plaintiff had his day in court in a forum of his own selection and is concluded by the decree there entered from which he took no appeal.

The judgment is affirmed.