## Coombs et ux. v. March.

*Equity—Nuisance—Operation of bakery—Operation of trucks in private alley—Noises at night—Vibration—Bakery.*

1. A bakery is not a nuisance *per se.*

2. When a public highway or a private alley is not restricted in its dedication to some particular use, it is open to all suitable methods, including automobiles and trucks, at any hour, day or night, unless otherwise provided by a proper municipal regulation.

3. Ordinary vibrations caused by the lawful operation of trucks and automobiles over public highways or private alleys do not constitute a nuisance.

4. A lawful trade or business may, by reason of its being carried on at unusual hours or in close proximity to a dwelling-house, by reason of noise alone, constitute a nuisance, but the burden of proof rests upon him who complains.

5. The test whether a noisy trade or business is a nuisance in a particular locality and to a particular person in the enjoyment of his property is whether it is of such a character as would be likely to be physically annoying to a person of ordinary sensibilities or whether it is carried on at such unreasonable hours as to disturb the repose of people dwelling within its sphere.

6. A lawful business should not be destroyed or unreasonably hampered, except to the extent found imperatively necessary to a reasonable protection of another's proper enjoyment of life or property.

Bill in equity for injunction. C. P. Schuylkill Co., Jan. T., 1925, No. 2.

*Cyrus M. Palmer* and *O. E. Farquhar,* for plaintiffs.

*J. H. Rothstein,* for defendant.

BERGER, J., Feb. 8, 1926.—The plaintiffs pray for an injunction to restrain the defendant, his agents, servants and employees, from using his property as a bakery, and from using an alleyway between plaintiffs' and defendant's property as a passageway for large and heavy trucks used in making deliveries of flour and other supplies to defendant's bakery and in taking away the product of the bakery for delivery.

### Discussion.

The two questions for determination in this case, as stated by plaintiffs' counsel in their brief, are whether the plaintiffs are entitled to equitable relief either "because of the cracking of the walls of his (their) home due to the vibration of automobiles operated in the alley by the defendant and of trucks used to bring supplies to the defendant's bakery," or "on account of the noises made by automobiles and trucks used in connection with the bakery, and vibration caused by the use of auto-trucks in connection with the bakery, and noise made by the dough-mixer in the defendant's bakery." These questions are germane to the two prayers for specific relief, the first being to restrain the defendant from using his property as a bakery, and the second from operating it in such a manner as to cause annoyance and injury to the plaintiffs and their property. There is also a prayer for general relief. The relief actually asked by plaintiffs, in the form of a suggested decree, is the restraint of the defendant from passing plaintiffs' house from Minersville Street through the private alley between their property and the defendant's with his delivery wagons and trucks; from having supplies delivered to the bakery in the same way; from operating the dough-mixer, and from loading bread and cakes in the alley, and permitting the engines of waiting automobile-trucks to run except during hours to be fixed by the court.

As respects the alley, it is admittedly a private one, without any restriction on its use laid upon it by the act of its creation. Its location shows that it was primarily created and opened to afford a means of ingress and egress to

the rear of the lots laid out between Minersville and Laurel Streets, or Laurel or Krieg's Alley, and fronting on the east side of Third Street, thus also affording a side entrance from Minersville Street to the property of the plaintiffs. The use made of it by the erection of stables and garages thereon, and otherwise, shows that it was opened for ordinary vehicular traffic. When a public highway is not restricted in its dedication to some particular mode of use, it is open to all suitable methods, including newer means of transportation as they become of general use. The Act of May 16, 1921, P. L. 582, relating to and regulating the use and operation of motor-vehicles and fixing the maximum weights at which they may be operated, as amended by the Act of June 14, 1923, § 24, P. L. 718, 746, applies only to the use and operation of motor-vehicles on the public highways, and ordinary trucks and automobiles of the legal weight may travel over public streets or alleys at any hour, day or night, unless otherwise provided by a proper municipal regulation. The same is true, it seems to me, respecting the operation of such trucks and automobiles over a private alley, unless it be shown that it was not opened for vehicular traffic, and there is no evidence to that effect in this case. In other words, the operation of trucks and automobiles which may lawfully be operated on the public highways is not *per se* a nuisance when the operation of them is over and through a private alley. The plaintiffs contend, however, that since the operation of defendant's trucks causes some vibration of the plaintiffs' building which contributes to its deterioration, which has been found as a fact, their operation is unlawful and subject to restraint in equity.

Vibrations caused by the operation of trucks and automobiles over Minersville, Second and Third Streets, all of which are subjected to a heavy traffic, have been clearly established. The use of trucks and automobiles on the public streets, however, cannot be enjoined merely on the ground that their operation causes vibrations which injuriously affect buildings fronting thereon, for that is incidental to their ordinary use. It is only when such incidental vibrations are so increased by an unlawful manner of operation, as by carrying excessive loads, running at excessive rates of speed, or maliciously, for the purpose of causing damage, by reason whereof injury to the property of another results, that such unlawful or malicious operation is enjoinable in equity, if ever. The same rule is applicable to the operation of trucks and automobiles over private alleys open to their use. The plaintiffs contend that the defendant should be required in going to his bakery to enter the ten-foot alley, either from Second Street or from Third Street. If this were done, the exit from the alley would either be forward and northward into Minersville Street, or backward and southward into Laurel or Krieg's Alley, and thence either to Second Street or Third Street. It is difficult to perceive how such restrictions laid upon the operation of the defendant's trucks in the alley would reduce either the noise or vibration incident to their operation. Besides, so long as the manner of operating the trucks does not cause a nuisance, equity is without jurisdiction either to restrain or to regulate the manner of their operation.

As to enjoining the defendant, his agents, servants and employees, from using his property as a bakery, it is well settled that a bakery is not a nuisance *per se,* and operating it is a lawful business: Alexander *v.* Stewart Bread Co., 21 Pa. Superior Ct. 526, 530. It follows that its operation cannot be enjoined as a nuisance, unless it is carried on unreasonably and without due regard for the health and peace of others. The plaintiffs contend, however, that the defendant's bakery is enjoinable as a nuisance because of the

noises made by its operation. It cannot be doubted that a lawful trade may, by reason of its being carried on at unusual hours or in close proximity to a dwelling-house, by reason of noise and other of its incidents, constitute a nuisance and be enjoined in a court of equity on the complaint of the owner of such dwelling-house. In Scott et ux. v. Houpt, 8 Kulp (Luzerune Legal Reg. Reps.), 42, Archbald, P. J., reviewed the leading cases in our own state decided prior to 1895, and many from other jurisdictions, where noise had been adjudged to be a nuisance, and summarized the conclusion he reached by saying that it was established (page 49) "that merely discomforting noises which arise in the ordinary prosecution of a lawful trade or calling do not amount to a nuisance which will be enjoinable. To call for this they must be of such a character as to inflict actual physical injury upon the complainant or his family, as by disturbing them during the hours usually given to rest, thereby affecting their health and ordinary comfort, or must otherwise occasion some direct and sensible damage to complainant's property or its beneficial use." In stating when noise arising from the operation of a sawmill, a lawful business, becomes a nuisance, Walling, J., in Krocker et al. v. Westmoreland P. Mill Co., 274 Pa. 143, 146, citing Joyce, Law of Nuisances, page 216, § 174, said: "Noise which constitutes an annoyance to a person of ordinary sensibility to sound, so as to materially interfere with the ordinary comfort of life and to impair the reasonable enjoyment of his habitation to him, is a nuisance." In McCann v. Strang, 72 N. W. Repr. 1117 (97 Wis. 551), the court said, citing Wood, Nuisance, § 617: "The real test, it is said, whether a noisy trade is a nuisance in a particular locality and to a particular person in the enjoyment of his property is whether it is of such a character as would be likely to be physically annoying to a person of ordinary sensibilities, or whether it is carried on at such unreasonable hours as to disturb the repose of people dwelling within its sphere." Whether the defendant has so operated his bakery as to constitute it a nuisance is, therefore, to be determined from the proof and in the light of these applicable principles of law.

Each case of nuisance alleged to arise from a hurtful or unlawful manner of operating a lawful business depends on its own facts, and the burden of proof is upon the complainant: Mitchell et al. v. Guaranty Corp. et al., 283 Pa. 361, 364. And a lawful business should not be destroyed or unreasonably hampered except to the extent found imperatively necessary to a reasonable protection of another's proper enjoyment of life or property: Roukovina v. Island Farm Creamery, 38 Am. Law Reps. 1502, 1506; Collins v. Wayne Iron Works, 227 Pa. 326, 331. Therefore, in reaching a conclusion in the instant case, it is necessary to keep in mind that the defendant's bakery is not located in a purely residential district, but in a neighborhood devoted also to business and manufacturing. Minersville Street, upon which the plaintiffs' building fronts, is a heavily-traveled street, and so are Second and Third Streets, the eastern and western boundaries, respectively, of the square or block upon which the plaintiffs' house is erected. The rear of the Humane Fire or Engine House is separated from the west side of plaintiffs' house only by the ten or twelve-foot private alley. Generally, the neighborhood is a busy and noisy one, but that fact, standing alone, is not decisive either way on the question of nuisance.

It is true, however, that a certain weight, not so clearly defined as to amount to a fixed standard by which to measure each particular case, is properly given to the general character of the particular locality regarding the uses made of the buildings therein erected by the inhabitants thereof in

Coombs et ux. *v.* March.

determining whether a lawful business sought to be enjoined has become a nuisance by reason of a hurtful, negligent, malicious or unlawful manner of its operation. It is said that: "No one is entitled to absolute quiet in the enjoyment of his property; he may only insist upon a degree of quietness consistent with the standard of comfort prevailing in the locality in which he dwells:" Collins *v.* Wayne Iron Works, 227 Pa. 326, 331. And people in cities must, of course, submit to many annoyances, and it is only when industries are unjustifiably such that equity will intervene: Krocker et al. *v.* Westmoreland P. Mill Co., 274 Pa. 143, 146. There is no evidence to show that the operation of the bakery during a large part of the day, that is, from 7 A. M. to 11 P. M., causes any noises noticeable over and above those caused by the ordinary activities of the neighborhood. It is during the hours of the night, ordinarily the quiet hours from 11 P. M. to 4 to 6 A. M., the plaintiffs charge that noises caused by the operation of the bakery are so disturbing as to make them enjoinable upon their complaint.

True it is, too, that noises alone may be of such character and volume as to constitute a private nuisance when occurring during the hours usually devoted to sleep, even though the same might not be so at other times; but in such cases the question is one of degree as well as locality. Regarding locality, sufficient has already been said. Respecting the degree of the noises during the night, made by running the dough-mixer and loading the wagons and auto-trucks in the early morning hours, the weight and fair preponderance of the evidence is that they are not disturbing. Notwithstanding the testimony of the plaintiff and his wife, there is reason to believe that both may be more than ordinarily sensitive to disturbance by night noises. Mr. Coombs first sought to deprive the defendant and others, by posting trespass notices, of their right to use the alley. Failing in that, he complained to the police department and to the fire department of the city of the manner in which the defendant operated his bakery at night, and, after proper investigation, his complaints were found to be unfounded. He then got men employed by him to wait and listen for disturbing noises, both night and day, and they heard them. He admitted it took him a year to obtain evidence which he believed sufficient to support his complaint. Mrs. Coombs has been disturbed at night by the dough-mixer, but she is required, so she said, for some reason unexplained by her, to sit up during the night. The testimony of the plaintiffs, as well as their manner of testifying, make applicable what was said in Akers *v.* Marsh, 9 Am. & Eng. Dec. in Equity, 426, 447, by Albey, C. J., who cited pertinent comment upon a passage from a work upon mental science, treating of the influence of the mind upon the sense of hearing, wherein it was said that the thought uppermost in the mind, the predominant idea or expectation, makes the real sense from without assume a different character, for reasons as follows: "Every one must have had some experience of the truth of this statement; a nervous or an anxious or prepossessed listener hears sounds which would otherwise have passed unnoticed, magnifies and exaggerates into some new significance, originating within himself, sounds which at other times would have been passively heard and not regarded." As to chopping wood at night, this was merely occasional, and the evidence supports the inference that it was discontinued before the bill was filed. Moreover, its annoying and disturbing effect has not been established by the weight of the evidence. In Crossett et al. *v.* Standard Ice Manuf. Co., 27 Dist. R. 261, Court of Common Pleas of Philadelphia, Staake, J., refused to restrain or regulate the manner of operating an ice storage plant upon a complaint that disturbing noises were made by loading trucks and sending ice away from

the plant for distribution during the hours from about 4 A. M. until 7 A. M. On a careful consideration of all the evidence, I have reached the conclusion that the defendant's bakery is not so operated as to constitute it a nuisance.

### Conclusions of law.

1. A bakery is not a nuisance *per se*.

2. When a public highway or a private alley is not restricted in its dedication to some particular use, it is open to all suitable methods, including automobiles and trucks, at any hour, day or night, unless otherwise provided by a proper municipal regulation.

3. Ordinary vibrations caused by the lawful operation of trucks and automobiles over public highways or private alleys do not constitute a nuisance.

4. A lawful trade or business may, by reason of its being carried on at unusual hours or in close proximity to a dwelling-house, by reason of noise alone, constitutes a nuisance, but the burden of proof rests upon him who complains.

5. The test whether a noisy trade or business is a nuisance in a particular locality and to a particular person in the enjoyment of his property is whether it is of such a character as would be likely to be physically annoying to a person of ordinary sensibilities, or whether it is carried on at such unreasonable hours as to disturb the repose of people dwelling within its sphere.

6. A lawful business should not be destroyed or unreasonably hampered except to the extent found imperatively necessary to a reasonable protection of another's proper enjoyment of life or property.

7. Upon the facts found, the manner in which the defendant operates his bakery does not constitute a nuisance, and plaintiffs are not entitled to relief in equity.

### Decree nisi

And now, Feb. 8, 1926, upon consideration of the within stated case by the chancellor, it is ordered, adjudged and decreed *nisi* as follows:

1. That the plaintiffs' bill be dismissed.

2. That the plaintiffs pay the costs.    From M. M. Burke, Shenandoah, Pa.