## Huntington Township v.
## Adams Electric Co-Operative, Inc.

*Robert E. Campbell,* for plaintiff.
*Daniel E. Teeter,* for defendant.

MacPHAIL, J., February 16, 1972.—In this case, plaintiff has brought an action in equity against defendant alleging that defendant has erected an "electrical structure" (consisting of four poles and transformers enclosed by a 10-foot fence) along Legislative Route 01011 in violation of two township ordinances which are annexed to the complaint as exhibits. One of the ordinances is a building permit ordinance and the other is a "set-back" ordinance. Alleging that defendant has failed to comply with both ordinances, plaintiff asks in this suit that defendant be restrained from "any use of the tract of land" (whereon the electrical structure is located) which violates the township ordinances, that defendant be compelled to remove the electrical structure or to move it so that it conforms with the set-back ordinance, that defendant "be compelled" to conform to the provisions of the ordinances and that the court grant such other relief as it may find necessary and just.

Preliminary objections have been filed by defendant: First, defendant demurs on the grounds that plaintiff has no jurisdiction over defendant because defendant is organized under the provisions of the Electric Co-operative Corporation Act of June 21, 1937, P. L. 1969. Secondly, defendant demurs on the ground that the ordinances are sought to be unconstitutionally applied to defendant because the titles of the ordinances do not give proper notice that they apply to electric lines of an electric utility, and further that such ordinances do not so apply by virtue of the language in the body of the ordinances. Finally, defendant raises the question of the constitutionality of the ordinances.

After hearing initial argument on the preliminary objections, we ordered reargument on the question of whether equity had jurisdiction to entertain this suit, since it did not appear from the complaint that plaintiff

had ever attempted to enforce the penalty provisions of the ordinances against defendant. Even though the question of jurisdiction was not raised by defendant, it was our privilege and duty to do so: Harris-Walsh, Inc. v. Dickson City Borough, 420 Pa. 259 (1966). At the reargument, it appeared that, in fact, plaintiff had brought an action at law before a district justice of the peace to collect the penalties prescribed by the statutes. Subsequent to the reargument, counsel filed of record a stipulation to the effect that plaintiff had proceeded against defendant in a proceeding at law before a district justice of the peace under the penalty provisions of the ordinances and that the district justice dismissed the action on the grounds that the ordinances were unconstitutional. No appeal was taken from that decision and no certiorari has been requested. As a result of that circumstance, we now believe that this court is without jurisdiction to decide the case on its merits.

Plaintiff has brought its suit in equity and argues that its remedy at law is inadequate. It says that its remedy is inadequate because the penalty provisions in the ordinances are inadequate and cites as authority for its proposition Harris-Walsh, Inc. v. Dickson City Borough, supra. It is true that there may be certain situations where the penalty provisions of a statute or ordinance are truly inadequate to remedy the wrong, but this case is certainly far removed from such a situation. Each ordinance provides a fine of $100 for an offense and provides that each week of violation constitutes a separate offense. We think that such a penalty, if invoked, would certainly provide an adequate remedy. There is no allegation in the complaint that this violation is a nuisance (see Boggs v. Werner, 372 Pa. 312 (1953)), or that the pursuit of the statutory remedy will cause irreparable harm. See Bliss Excavating Co. v. Luzerne County, 418 Pa. 446 (1965).

Moreover, since the action was brought at law and a final judgment taken against plaintiff before the district justice of the peace, the doctrine of res judicata may also be invoked. The fact that the prior judgment has been entered in an action before a justice of the peace does not preclude invocation of this doctrine: Stahl v. Hilderhoff, 432 Pa. 179 (1968). The fact that the first action was at law and this subsequent action is in equity will not affect the imposition of the doctrine: Megahey v. Farmers' and Mechanics' Savings Fund & Loan Association, 215 Pa. 351 (1906). It is true that the stipulation of counsel shows on its face that the action was dismissed because the justice of the peace declared the ordinances to be unconstitutional. His power to do this is certainly subject to question. However, we take no position on that matter at this time.

Our holding with respect to this matter does not leave plaintiff without remedy. If the time has lapsed to bring the decision of the district justice of the peace before us by appeal or writ of certiorari, plaintiff, under the provisions of its ordinances, may bring another action at law if defendant is still in violation of those ordinances. In the event another adverse ruling is entered, it may then file a timely appeal with this court to bring the substantive matters before the court in a proper way. Even though this procedure will involve additional time and expense, it must be undertaken, because any judgment rendered by the court of equity where it has no jurisdiction is void: Patterson's Estate, 341 Pa. 177 (1941).

ORDER OF COURT

And now, February 16, 1972, the within action is dismissed on the ground that this court lacks jurisdiction to decide the issues presented to it.